IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:04CR3081 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| MALCOLM ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

  This case involves a traffic stop that resulted in the discovery of four kilos of cocaine.  The defendant, Malcolm Anderson, has moved to withdraw his guilty plea.  (Filing 124.)  Prior to the filing of that motion, I had accepted the defendant's plea, but I deferred acceptance of the plea agreement until sentencing. (Filing 94.)

  The motion will be denied.  The defendant has failed to show that a fair and just reason exists for the withdrawal of the plea. See, e.g., Federal Rule of Criminal Procedure 11(d)(2)(B).

### *The Defendant's Argument*.

  The defendant wants to withdraw his plea essentially because his co-defendant, Brian Parker, went to trial and was acquitted.  He relies upon the trial testimony of two state troopers.  His argument boils down to this:

- \* At the suppression hearing, and again at the trial of the co-defendant, Trooper Bigsby testified that he smelled an odor of petroleum when he approached the car.

- \* At the trial of the co-defendant, another trooper, Trooper Frye, testified that he did not smell the odor despite the fact that he

1

    searched the car and the defendant's luggage in which the dope was found. Frye did not testify at the suppression hearing.

* The co-defendant, Brian Parker, was acquitted.

* There is a good reason to allow the defendant to withdraw his plea. That is, Bigsby must have lied.

### *My Reasons for Rejecting the Defendant's Argument*.

I am not persuaded by the defendant's argument. In brief, here is why I find and conclude that his motion is without merit:

* I observed both troopers at the trial of the co-defendant. Both were credible.

* The four kilos of cocaine were found in the *defendant's* luggage. Indeed, the defendant admitted the luggage was his at the time of the stop. At the scene of the stop, he later took full responsibility. By his own admission at the scene of the stop, the defendant is not factually innocent.

* The four kilos of cocaine were *packed in an oily product*. Indeed, they dripped all over my courtroom during the trial of the co-defendant. As a result, there is strong, physical corroboration of Trooper Bigsby's testimony at the suppression hearing and again at the trial of the co-defendant. Under these circumstances, the fact that Bigsby smelled something, and Frye did not, hardly proves that Bigsby lied.

* Parker's case was materially different than Anderson's case. In particular, the two men were riding a car *rented by the defendant* and the co-defendant consistently maintained that he had *no knowledge of what was in the defendant's luggage.* Hence, the acquittal of the co-defendant provides no basis for concluding that a trial of the defendant would result in a favorable verdict as to him.

2

IT IS ORDERED that Mr. Anderson's motion to withdraw his plea pursuant to Rule 11(d)(2)(B) (filing 124) is denied.

November 4, 2005.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge